JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Maria Ackerman

## DEFENDANTS

Thermo King Corporation and
Stewart & Stevenson Services, Inc.

**B-00-124**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

United States District Court
Southern District of Texas
FILED

**AUG 1 4 2000**

Michael N. Milby
Clerk of Court

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See attached

ATTORNEYS (IF KNOWN)

See attached

## II. BASIS OF JURISDICTION   (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1332, 114 and 1446

## V. NATURE OF SUIT   (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN   (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**unspecified

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ YES   ☒ NO

## VIII. RELATED CASE(S)   (See instructions)
IF ANY

JUDGE _____     DOCKET NUMBER _____

DATE   8-14-00

SIGNATURE OF ATTORNEY OF RECORD

_(signature)_

UNITED STATES DISTRICT COURT

## LIST OF COUNSEL

| | |
|---|---|
| **COUNSEL FOR PLAINTIFF** | Eddie Trevino<br>State Bar No. 20211135<br>MAGALLANES, HINOJOSA & TREVINO, P.C.<br>1713 Boca Chica Blvd.<br>Brownsville, Texas 78520<br>956/544-6571 (phone)<br>956/544-4290 (fax) |
| **COUNSEL FOR DEFENDANT THERMO KING CORPORATION** | Charles C. Murray<br>State Bar No. 14719700<br>Federal I.D. No. 1214<br>ATLAS & HALL, L.L.P.<br>818 Pecan<br>P.O. Drawer 3725<br>McAllen, TX  78502<br>956/ 682-5501 (phone)<br>956/ 686-6109 (fax) |
| **COUNSEL FOR DEFENDANT STEWART & STEVENSON SERVICES, INC.** | Joel Holzer<br>State Bar No. 09933800<br>Federal I.D.# 4712<br>ANDREWS & KURTH, L.L.P.<br>600 Travis Street, Ste 4200<br>Houston, Texas 77002<br>713/220-4200 (phone)<br>713/238-7278 (fax) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA ACKERMAN INDIVIDUALLY | § | |
| AND D/B/A HARLINGEN THERMO KING | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. **B - 00 - 1 2 4** |
| | § | |
| THERMO KING CORPORATION | § | |
| AND STEWART & STEVENSON | § | |
| SERVICES, INC. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THERMO KING CORPORATION ("Thermo King"), one of the defendants herein, and files this notice of removal pursuant to 28 U.S.C. § 1332, 1441 and 1446, and states in support thereof:

1. *Removed action and parties.* The removed action is Cause No. 2000-07-2840-A; in the 107th Judicial District, Cameron County, Texas, and being styled *Maria Ackerman, Individually and d/b/a Harlingen Thermo King v. Thermo King Corporation and Stewart & Stevenson Services, Inc.*

2. *Diversity jurisdiction.* This court has diversity jurisdiction over this action. 28 U.S.C. § 1332. This action therefore is removable on that ground. 28 U.S.C. § 1441(a).

2.1 *Citizenship of parties.* The plaintiff is a citizen of the State of Texas. Thermo King is a Delaware corporation with its principal place of business in the State of Minnesota. Complete diversity therefore exists between the plaintiff and Thermo King. Although Stewart & Stevenson Services, Inc. ("S&S") is a Texas corporation, it is fraudulently joined in this action for the reasons stated below, and hence its citizenship

should be disregarded for purposes of determining this court's jurisdiction and the propriety of removal.

2.2   *Fraudulent joinder*.   A defendant has been fraudulently joined when there is no possibility that the plaintiff would be able to establish a cause of action against it.   *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).   In this case, the plaintiff complains that S&S agreed to purchase the plaintiff's company, that Thermo King tortiously interfered with such contract and that S&S breached such contact.   Contrary to this assertion, S&S never entered into an agreement or contract with the plaintiff.   See the affidavit of Kirk Robinson attached hereto.   Thus, there is no possibility that the plaintiff can state a claim against S&S.

2.3   *Other matters*.   The plaintiff requests damages in excess of $3,000,000.00.   See Plaintiff's Original Petition, paragraph 5.0.   Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.   *Supplemental jurisdiction*.   This court has supplemental jurisdiction over any claim asserted by the plaintiffs that are not otherwise within this Court's jurisdiction. 28 U.S.C. §1367(a).

4.   *Timeliness of removal*. Thermo King was served on July 20, 2000.   Therefore, this action is removed within thirty days of receipt by Thermo King of Plaintiff's Original Petition in this action.

5.   *Notice*.   Written notice of the filing of this notice of removal will be filed with the state court and provided to other parties as required by law.

-2-

6.   *Attachments pursuant to local rules.*  In accordance with federal statute and local rules, attached as appendices hereto are:

A.   Index of matters being filed.

B.   List of all counsel of record, including their addresses, telephone numbers and parties represented.

C.   A true and correct copy of the docket sheet of the state court action.

D.   A true and correct copy of all executed process, pleadings asserting causes of action, and orders signed by the state judge filed in the court from which removal is sought.

WHEREFORE, PREMISES CONSIDERED, THERMO KING hereby gives notice of removal of this action to this Honorable Court.

Respectfully submitted,

Charles C. Murray
State Bar No. 14719700
Attorney in Charge for Defendant
THERMO KING CORPORATION
Atlas & Hall, L.L.P.
818 Pecan/P.O. Box 3725
McAllen, Texas 78501/78502
956/682-5501(phone)
956/686-6109 (fax)

Stewart & Steven Services, Inc. hereby joins in this removal.

Joe Holzer
Federal I.D.# 4712
State Bar No.  09933800
Attorney in Charge for Defendant
Stewart & Stevenson Services, Inc.
Andrews & Kurth, L.L.P.
600 Travis Street, Ste 4200
Houston, Texas 77002
713/220-4200 (phone)
713/238-7278 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent by certified mail, return receipt requested, postage prepaid or regular mail, on this the _14th_ day of August, 2000, to opposing counsel as follows:

Mr. Eddie Trevino
MAGALLANES, HINOJOSA & TREVINO, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520

_____
Charles C. Murray

# INDEX OF MATTERS BEING FILED

A.   Index of Matters Being Filed

B.   List of counsel of record, including their addresses, telephone numbers, and parties represented;

C.   True and correct copy of the docket sheet of the state court action

D.   A true and correct copy of all executed process, pleadings asserting causes of action, and orders signed by the state judge filed in the court from which removal is sought:

      1.   Plaintiff's Original Petition;

      2.   Original Answer of Thermo King Corporation.

      3.   Citations and Return of Service on Thermo King Corporation Inc. and Stewart & Stevenson, Inc.

## LIST OF COUNSEL

| | |
|---|---|
| **COUNSEL FOR PLAINTIFF** | Eddie Trevino<br>State Bar No. 20211135<br>MAGALLANES, HINOJOSA & TREVINO, P.C.<br>1713 Boca Chica Blvd.<br>Brownsville, Texas 78520<br>956/544-6571 (phone)<br>956/544-4290 (fax) |
| **COUNSEL FOR DEFENDANT THERMO KING CORPORATION** | Charles C. Murray<br>State Bar No. 14719700<br>Federal I.D. No. 1214<br>ATLAS & HALL, L.L.P.<br>818 Pecan<br>P.O. Drawer 3725<br>McAllen, TX 78502<br>956/ 682-5501 (phone)<br>956/ 686-6109 (fax) |
| **COUNSEL FOR DEFENDANT STEWART & STEVENSON SERVICES, INC.** | Joel Holzer<br>State Bar No. 09933800<br>Federal I.D.# 4712<br>ANDREWS & KURTH, L.L.P.<br>600 Travis Street, Ste 4200<br>Houston, Texas 77002<br>713/220-4200 (phone)<br>713/238-7278 (fax) |

RUN DATE 08/10/00
RUN TIME 2.01 PM

PAGE: 01

2000-07-002840-A

**CLERK'S ENTRIES**

MARIA ACKERMAN, INDIVIDUALLY, ET AL.

vs

THERMO KING CORPORATION, ET AL

00003308
HON. EDDIE TREVINO, JR.
1713 BOCA CHICA BLVD.
BROWNSVILLE, TX   78521 0000

00000719
HON. CHARLES MURRAY
P.O. BOX 3725
MCALLEN, TX   78502 3725

DAMAGES   (10)

07   12   00

| Date | Entry |
|---|---|
| 07/12/00 | ORIGINAL PETITION FILED |
| 07/12/00 | PLAINTIFF MARIA ACKERMAN'S REQUEST FOR DISCLOSURE PURSUANT TO RULE 194 |
| 07/12/00 | PLAINTIFF MARIA ACKERMAN'S REQUEST FOR DISCLOSURE PURSUANT TO RULE 194 |
| 07/12/00 | CITATION (CM): THERMO KING CORPORATION FILED: 07/26/00 |
| 07/13/00 | CITATION (CM) SERVED: 07/20/00 |
| 07/13/00 | CITATION (CM): STEWART & STEVENSON SERVICES, INC. |
| 07/13/00 | SERVED: |
| 08/03/00 | ORIGINAL ANSWER: THERMO KING CORPORATION |

CAUSE NO. _2000-07-2840 · A_

| | | |
|---|---|---|
| MARIA ACKERMAN, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND D/B/A | § | |
| HARLINGEN THERMO KING | § | |
| SALES AND SERVICE, INC. | § | |
| | § | |
| VS. | § | 107ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| THERMO KING CORPORATION | § | |
| AND STEWART & STEVENSON | § | |
| SERVICES, INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARIA ACKERMAN, INDIVIDUALLY AND D/B/A HARLINGEN THERMO KING SALES AND SERVICE, INC., PLAINTIFF, complaining of THERMO KING CORPORATION, AND STEWART & STEVENSON SERVICES, INC., DEFENDANTS, and for cause of action would respectfully show unto the Court and Jury as follows:

### DISCOVERY CONTROL PLAN

### 1.0

1.1   Plaintiff affirmatively pleads that she seeks damages in excess of $50,000.00 excluding costs and attorneys' fees. Therefore, this suit should be conducted under a Level 2 discovery control plan pursuant to TRCP 190.3.

FILED
AURORA DE LA GARZA, DIST. CLERK
JUL 12 2000
_____ CAMERON COUNTY, TEXAS
DEPUTY

Case 1:00-cv-00124   Document 1   Filed in TXSD on 08/14/2000   Page 11 of 23

## PARTIES

## 2.0

2.1   Plaintiff MARIA ACKERMAN is resident of Cameron County, Texas, formerly doing business as Harlingen Thermo King Sales and Service, Inc.

2.2   Defendant THERMO KING CORPORATION is an Delaware corporation authorized to do business in the State of Texas. Such Defendant may be served with process by serving its registered agent, Corporation Trust Company, 1209 Orange St., Wilmington, Delaware 19801, by certified mail, return receipt requested, delivery restricted to addressee.

2.3   Defendant STEWART & STEVENSON SERVICES, INC. is a Texas Corporation authorized to do business in the State of Texas. Such Defendant may be served with process by serving its registered agent, Prentince Hall Corp. System, Inc., 800 Brazos, Austin, Texas  78701, by certified mail, return receipt requested, delivery restricted to addressee.

## VENUE

## 3.0

3.1   Venue is proper in Cameron County, Texas under the Texas Civil Practice and Remedies Code, Section 15.002(a), the general venue rule for suits because all or a substantial part of the events giving rise to Plaintiff's claim occurred in Cameron County, Texas.

Case 1:00-cv-00124   Document 1   Filed in TXSD on 08/14/2000   Page 12 of 23

3.2   Venue is also proper in Cameron County, Texas, under Texas Civil Practice and Remedies Code, Section 15.035(a), the permissive venue statute for suits involving contracts in writing and orally, because Cameron County, Texas is the county where the Plaintiff and Defendants had contracted to perform an obligation.

## FACTS

## 4.0

4.1   On or about February 7, 1997, Plaintiff Maria Ackerman, Individually and d/b/a Harlingen Thermo King Sales and Service, Inc. (hereinafter sometimes referred to as Plaintiff Ackerman) entered into a Dealer Agreement with Defendant Thermo King Corporation, (hereinafter sometimes referred to as T-K Corp.) wherein Defendant T-K Corp. agreed, that in return for Plaintiff's promise to sell and service Defendant's products including transport temperature control products in Plaintiff's primary area of responsibility, the Rio Grande Valley area, Defendant T-K Corp. would provide all of said products required by Plaintiff. Further, Defendant T-K Corp. agreed to provide technical support to Plaintiff, which included training for the service of its product, as well as marketing assistance for the sale of its product.

4.2   Based upon the representations made by Defendant T-K Corp., Plaintiff purchased products from Defendant T-K Corp. to meet the demands of the Primary Area of Responsibility at a cost of over $200,000.00 yearly.

Case 1:00-cv-00124   Document 1   Filed in TXSD on 08/14/2000   Page 13 of 23

4.3   In October 1998, Plaintiff was contacted by Mike Yestrumsky, an agent or employee from Defendant T-K Corp. and told that Defendant T-K Corp. was concerned over the allegedly poor sales and/or service by Plaintiff of Defendant's product. Soon thereafter, Plaintiff's business was inspected by Defendant's agents or employees and was found to meet Defendant's standards. Defendant T-K Corp. failed to and did not provide any marketing support or business assistance to Plaintiff, contrary to the Dealer Agreement referred herein.

4.4   On or about January 8, 1999, Defendant T-K Corp. without just cause, terminated the Dealer Agreement with Plaintiff, effective in sixty (60) days.

4.5   Prior to the termination, Plaintiff had entered into negotiations with Defendant Stewart & Stevenson Services, Inc. (hereinafter referred to as Stewart & Stevenson) for the sale and assignment of its Dealer Agreement and its businesses located in the Rio Grande Valley.   After several conferences and negotiations, Defendant Stewart & Stevenson thru its agent and representative Kirk Robinson agreed to purchase Plaintiff's company for $1,000,000 which included the Rio Grande Valley Area primary area of responsibility.   However, upon hearing of the proposed sale and assignment, agents and/or employees of Defendant T-K Corp., in an attempt to undermine Plaintiff and her credibility, negligently and tortiously interfered with and/or prevented the sale and assignment of said Dealer Agreement by Plaintiff to Defendant Stewart & Stevenson to the detriment of Plaintiff.

This tortious interference led to Defendant Stewart & Stevenson breaching it's agreement and contract to purchase Plaintiff's company and dealer agreement.

4.6   Defendants T-K Corp's and Stewart & Stevenson's employees and or agents, were. at all times mentioned, acting within the course and scope of their agency and employment with said Defendants with apparent and/or implied authority.

4.7   Plaintiff has resided in and practiced within the profession of the transport temperature control product industry in Harlingen, Cameron County, Texas for more than twenty years. Prior to the Defendants' actions, Plaintiff enjoyed an excellent personal and professional reputation. Plaintiff had always been held in high esteem by her colleagues within the industry as well as with her customers and creditors.

### DAMAGES

### 5.0

5.1   As a direct and proximate result of the Defendants' actions and interference, Plaintiff has suffered the following special damages:

1.   Loss of a contract with Defendant Stewart & Stevenson Services, Inc. estimated to be worth not less than $1,000,000.00;

2.   Loss of business, inventory, equipment, and good will valued at not less than $1,000,000.00: and

3.   Actual and Compensatory Damages for Defendant's tortious and negligent conduct in an amount not less than $1,000,000.

## EXEMPLARY DAMAGES

### 6.0

6.1    Plaintiff is entitled to exemplary damages from Defendants T-K Corp and Stewart & Stevenson because they also acted with the malice required to support an award of exemplary damages. Further, Defendants T-K Corp and Stewart & Stevenson acted with a specific intent to cause injury to the Plaintiff, or with conscious indifference to the rights, safety, or welfare of the Plaintiff with actual, subjective awareness that their conduct involved an extreme degree of risk of harm and to destroy Plaintiff good name, business and business reputation.

7.3    Plaintiffs are also entitled to exemplary damages from Defendants T-K Corp. and Stewart & Stevenson because their employees and/or agents were employed in managerial capacities and, in doing the acts described in this petition, were acting within the scope of their employment with said Defendants. Further, Defendants T-K Corp. and Stewart & Stevenson authorized the acts complained about herein, the manner of the acts, or alternatively, approved or later ratified the subject acts, made the basis of this lawsuit.

**WHEREFORE, PREMISES CONSIDERED.** Plaintiff requests that upon final trial, the Court enter a judgment for the Plaintiff against the Defendant as follows:

1.    Actual damages determined by the trier of fact;

2.    Punitive damages determined by the trier of fact;

Case 1:00-cv-00124   Document 1   Filed in TXSD on 08/14/2000   Page 16 of 23

3.    Attorneys fees and expenses;

4.    Prejudgment interest at the maximum legal rate in the manner allowed by law;

5.    Post judgment interest at the maximum legal rate in the manner allowed by law;

6.    Such other and further relief, general and special, at law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

MAGALLANES, HINOJOSA & TREVIÑO, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Telephone: (956) 544-6571
Facsimile:  (956) 544-4290

By:    _____
      Eddie Treviño, Jr.
      State Bar No. 20211135

CAUSE NO. 200007-2840-A

| | | |
|---|---|---|
| MARIA ACKERMAN, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND D/B/A HARLINGEN THERMO | § | |
| KING SALES AND SERVICE, INC. | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| THERMO KING CORPORATION | § | |
| AND STEWART & STEVENSON | § | |
| SERVICES, INC. | § | 107TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF THERMO KING CORPORATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THERMO KING CORPORATION, one of the defendants in the above

styled and numbered cause, and files this, its Answer to Plaintiff's Original Petition, and

for such answer would respectfully show unto the Court the following:

I.

Reserving the right to file other and further pleadings, exceptions and denials, this

defendant denies each and every material allegation contained in Plaintiff's Original

Petition and demands that the plaintiff be required to prove the same, if she can, by a

preponderance of the evidence in accordance with the laws and the Rules of Civil

Procedure of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, this defendant prays that the plaintiff

take nothing by this suit, that this defendant recover its court costs and that it have such

other and further relief to which it may be entitled.

Respectfully submitted,

ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box 3725
McAllen, Texas 78501/78502
Telephone No. 956/682-5501
Telecopy No. 956/686-6109

By:_____
        Charles C. Murray
        State Bar No. 14719700

Attorneys for Defendant Thermo King Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent by certified mail, return receipt requested, postage prepaid or regular mail, on this the _____ day of August, 2000, to opposing counsel as follows:

Mr. Eddie Trevino
MAGALLANES, HINOJOSA & TREVINO, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520

_____
Charles C. Murray

-2-

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.0

No. 2000-07-002840-A    ORIGINAL

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued thi citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may b taken against you.

TO: THERMO KING CORPORATION
    SERVING ITS REGISTERED AGENT,
    CORPORATION TRUST COMPANY
    1209 ORANGE ST.
    WILMINGTON, DELAWARE 19801

the _____ DEFENDANT _____ , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of sai county in Brownsville, Texas. Said _____ PETITION _____ was filed on _____ JULY 12, 2000 _____ . A copy of same accompanies this citation.

The file number of said suit being No. 2000-07-002840-A.

The style of the case is:

            MARIA ACKERMAN, INDIVIDUALLY, ET AL
                        VS.
            THERMO KING CORPORATION, ET AL

Said petition was filed in said court by _____
(Attorney for _____ PLAINTIFF _____
1713 BOCA CHICA BLVD. BROWNSVILLE TX  78521

    The nature of the demand is fully shown Petition accompanying this citation and made

_____ officer executing this writ shall pr
P 214 957 688 : mandates thereof

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| | |
|---|---|
| Sent to | |
| THERMO KING CORP. | |
| Street & Number CORP. TRUST COMPANY | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date & Address of Delivery | |
| TOTAL Postage & Fees | $ |
| Postmark or Date CITATION 7/13/00 2000-07-2840-A | |

PS Form 3800, April 1995

my hand and seal
_____ JULY _____ , A.D. 2

AUROR
Cameron
974 E.
Brownsv

By:_____

P 214 957 688

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
THERMO KING
CORPORATION
SERVING ITS REGISTERED AGENT,
CORPORATION TRUST COMPANY
1209 ORANGE ST.
WILMINGTON, DELAWARE 19801

PS Form 3811, July 1999
P 214 957 688

Domestic Return Receipt

A. Received by (Please Print Clearly) | B. Date of Delivery
12.20.00

C. Signature
X                    □ Agent
                     □ Addressee

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered       □ Return Receipt for Merchandise
□ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

102595-99-M-1789

**ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2):  The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
|---|---|
| | |
| ADDRESS | |
| | |
| CITY | STATE | ZIP |

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the <u>13th</u> of

<u>JULY</u>  <u>2000,</u>  I mailed to

<u>THERMO KING CORPORATION</u>

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  <u>P214957688</u>
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>AURORA DE LA GARZA</u>  , District Clerk
Cameron County, Texas

By: _Rosie Sotelo_  , Deputy

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2000-07-002840-A

THE   STATE   OF   TEXAS    ORIGINAL

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: STEWART & STEVENSON SERVICES, INC.
    SERVING ITS REGISTERED AGENT,
    PRENTICE HALL CORP.SYSTEM,INC.
    800 BRAZOS
    AUSTIN, TEXAS 78701

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on _JULY 12, 2000_.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-07-002840-A.

The style of the case is:

MARIA ACKERMAN, INDIVIDUALLY, ET AL
VS.
THERMO KING CORPORATION, ET AL

Said petition was filed in said court by ___
(Attorney for _____PLAINTIFF_____
1713 BOCA CHICA BLVD. BROWNSVILLE TX  78521

The nature of the demand is fully shown Petition accompanying this citation and made

The officer executing this writ shall p
P 214 957 689                    the mandates thereo

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided
Do not use for International Mail (See reverse)

Sent to
STEWART & STEVENSON SERV
Street & Number
PRENTICE HALL CORP.SYS.
Post Office, State & ZIP Code

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |

Postmark or Date
CITATION 7/13/00
2000-07-2840-A

PS Form 3800, April 1995

: my hand and seal
: _JULY_ , A.D.

AUR
Camero
974 E.
Browns

By: _____

| | |
|---|---|
| **ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**<br><br>Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.<br><br>Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.<br><br>NAME OF PREPARER ___ TITLE<br><br>ADDRESS<br><br>CITY ___ STATE ___ ZIP | **CERTIFICATE OF DELIVERY OF MAIL**<br><br>I hereby certify that on the <u>13th</u> of<br><br><u>JULY</u> <u>2000</u>, I mailed to<br><br><u>STEWART & STEVENSON SERVICES, INC.</u><br><br>by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.<br><br>CERTIFIED MAIL NO. <u>P214957689</u>.<br>RETURN RECEIPT REQUESTED<br>DELIVER TO ADDRESSEE ONLY<br><br><u>AURORA DE LA GARZA</u>, District Clerk<br>Cameron County, Texas<br>By: _____ *Rosie Sotelo* , Deputy |

2

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

MARIA ACKERMAN §
§
versus §        CIVIL ACTION B-00-124
§
Thermo King Corp §

## Order Setting Conference

1.   Counsel shall appear for an initial pretrial conference:

### December 18, 2000 at 1:30 p.m.

Before the Honorable Hilda G. Tagle
United States District Judge
Third Floor-Courtroom No. 3
United States Courthouse
600 E. Harrison Street, #306
Brownsville, Texas 78520

United States District Court
Southern District of Texas
FILED

AUG 1 4 2000

Michael N. Milby
Clerk of Court

2.   Within 15 days of receiving this order, counsel must file a list of all entities that are financially interested in this litigation, including parent, subsidiary, and affiliated corporations. When a group description is effective disclosure, an individual listing is not necessary. Underline the name of corporations with publicly traded securities. Counsel must promptly amend the list when parties are added or additional interested parties are identified.

3.   The plaintiff must serve the defendant within 120 days of filing the complaint. The plaintiff's failure to file proof of service within that time may result in dismissal by the court on its own initiative. *See* Rule 4(m).

4.   At least 14 days before the conference, counsel must file a joint case management plan with the identity and purpose of witnesses, sources and types of documents, and other requirements for a prompt and inexpensive preparation of this case for disposition by motion or trial. *See* Fed R. Civ. P. Rule 26(f).

5.   The parties may agree on additional deadlines for completion of pretrial matters and bring a proposed Scheduling and Docket Control Order with them to the initial pretrial conference.

6.   By the conference, counsel will have interviewed their clients and read the documents; readily available documents will have been exchanged at the plan meeting at the latest.

7.   The court will set a schedule for initial preparation and may rule on motions pending or made at the conference.

8.   Counsel who file or remove an action must serve a copy of this order on the other parties.

9.   Counsel who appears at the conference must have authority to bind the client and must know the facts.

10.  Counsel must have discussed alternative dispute resolution with their clients and each other; at the conference, the court will consider whether a method of ADR is suited to this case.

11.  Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of expenses.

BY THE ORDER OF THE COURT