C/1

United States District Court
Southern District of Texas
FILED

SEP 11 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ACKERMAN, Individually and d/b/a HARLINGEN THERMO KING | § § § § | |
| vs. | § § | CIVIL ACTION NO. B-00-124 |
| THERMO KING CORPORATION AND STEWART & STEVENSON SERVICES, INC. | § § § § | |

## MOTION TO REMAND AND FOR SANCTIONS

TO THE HONORABLE COURT:

COMES NOW MARIA ACKERMAN, INDIVIDUALLY AND d/b/a HARLINGEN THERMO KING, Plaintiffs in this action and pursuant to 28 U.S.C. Sec. 1447(c) move this Court for an order remanding this action to the 107th Judicial District Court of Cameron County, Texas, on the grounds that this removal was improperly made and/or this Court lacks jurisdiction over the subject matter of this action. In support of this motion, Plaintiffs would show the following:

I.

**1.1** This Court is without jurisdiction to hear this action in that complete diversity between the parties as claimed by Defendants does not exist and the causes of action in this matter do not arise under federal law or are not preempted by federal law. The Plaintiffs' live pleading, Plaintiffs' Original Petition set out that the Plaintiff and Defendant Stewart & Stevenson Services Inc. are Texas Residents and does not state any claims arising under federal law, but seeks relief for breach of contract and negligent and tortious interference causes of action under Texas common law.

**1.2**  Defendants' basis for removal is premised on the argument that Plaintiff fraudulently joined Defendant Stewart & Stevenson Services, Inc., which is a Texas Corporation and whose citizenship is not denied but should be disregarded for purposes of determining this court's jurisdiction and the propriety of removal.  For the following reasons, this case should be remanded to the 107th State District Court and Defendants should be assessed sanctions and attorneys fees for this wrongful removal.

## II.

**2.1**  Defendants argue that this court has diversity jurisdiction over this action on the basis of 28 U.S.C. Section 1332 and for this reason, this case is removable on such ground.  28 U.S.C. Section 1441(a).

**2.2**  Defendants argue that this case is removable in that Defendant Stewart & Stevenson Services, Inc. ("S&S") was fraudulently joined in this action based of an affidavit supplied by Mr. Kirk Robinson of S&S which denies ever entering into an agreement or contract with the Plaintiff.  On the basis of such affidavit, the Defendants claim that there is no possibility that the Plaintiff can state a claim against S&S.

**2.3**  Plaintiff's claims and causes of action arise under common law for negligent and tortious interference with a contract and for breach of said contract.  Plaintiffs' Original Petition, paragraph 4.4 states that "Defendant Thermo King Corporation (T-K Corp.) without just cause, terminated the dealer agreement it had with Plaintiff effective in 60 days from said date."  Paragraph 4.5 states that "prior to the termination, Plaintiff had entered into negotiations with Defendant S&S for the sale and assignment of its dealer agreement and its businesses located in the Rio Grande Valley.

**2.4**  After several conferences and negotiations, Defendant S&S through its agent and representative Kirk Robinson agreed to purchase Plaintiff's company for One Million Dollars ($1,000,000.00) which included the Rio Grande Valley area primary area of responsibility." Plaintiff then alleges that "...Defendant T-K Corp. in an attempt to undermine Plaintiff and her credibility, negligently and tortiously interfered with and/or prevented the sale and assignment of said dealer agreement by Plaintiff to Defendant S&S to the detriment of Plaintiff and that this tortious interference lead to Defendant S&S breaching its agreement and contract to purchase Plaintiff's company and dealer agreement. The facts will show that Defendant S&S eventually did in fact take over Plaintiff's relationship with Defendant T-K Corp. which now includes the Rio Grande Valley area primary area of responsibility.

### III.

**3.1**  The issue for this court to consider is whether or not the Defendants have met their burden of proving a fraudulent joinder which is a heavy one. The removing party must prove that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against the in-state Defendant in State court; or that there has been outright fraud in the Plaintiffs pleadings of jurisdictional facts. <u>Bobby Jones Garden Apartments vs. Suleski</u>, 391 F2d 172, 177 (5th Cir. 1968); <u>Parks vs. New York Times Company</u>, 308 F2d 474, 478 (5th Cir. 1962); cert. denied, 376 U.S. 949, 84 S.Ct. 964, 11L.Ed.2d 969 (1964); <u>B.,Inc. vs. Miller Brewing Company</u>, 663 F.2d 545, 549 (5th Cir. 1981).

**3.2**  In making its determination, the court must ordinarily evaluate all of the factual allegations in the Plaintiffs state court pleadings in the light most favorable to the Plaintiff, resolving all contested issues of subjective fact in favor of the Plaintiff. The affidavit of Plaintiff Maria Ackerman, attached as Exhibit "A",

clearly shows that she believed she had an agreement/contract to sell her company to Defendant S&S and that they breached this agreement/contract by failing to purchase her business.

## IV.

**4.1** Having assumed that all other facts alleged by the Plaintiff in the complaint are true, the court must then examine relevant state law and resolve all uncertainties in favor of the non-removing party. <u>B., Inc.</u>, Id. at 550. Viewing the state law in its proper perspective, "if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state Defendants on the facts alleged by the Plaintiff, then the federal court must find that the in-state Defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts." Id. at 550. Stated conversely, there must be no possibility of a valid state cause of action being set forth against the in-state Defendant before the court may hold that there has been a fraudulent joinder. Id. at 550: <u>Keating vs. Shell Oil Company</u>, 610 F.2d 328, 331 (5th Cir. 1980); <u>Tedder vs. F.M.C. Corp.</u>, 590 F.2d 115, 117 (5th Cir. 1979); <u>Green vs. Amerada Hess Corp.</u> 707 F.2d 201 (5th Cir. 1983).

## V.

**5.1** Therefore, based on the allegations made in Plaintiff's Original Petition and the authority relied upon by Plaintiffs in this motion, Plaintiff would respectfully request that the court remand this action to the state district court as this case was improperly removed by Defendants. One of the issues in this case for the trier of fact to determine will be whether or not Plaintiff had an agreement, to sell her company, written or otherwise with the Defendants; whether such agreement or contract was breached by Defendant S&S and whether

or not Defendant T-K Corp. negligently or tortiously interfered with the contract or a prospective contract agreement between Plaintiffs and Defendant S&S.

## VI.

**6.1** In addition to remanding this case, this court should impose an appropriate sanction upon defense counsel who signed the notice of removal since there was no good faith possible basis for claiming that this court had jurisdiction over the causes of action asserted in Plaintiffs Original Petition on the basis of a fraudulent joinder. Plaintiff strongly denies such an allegation of fraudulent joinder by the Defendants. As such, the notice of removal had the purpose and effect of causing unnecessary delay and a needless increase in the cost of litigation. Plaintiff alleges an appropriate sanction would include an order to pay the amount of the reasonable expenses, including attorneys fees, incurred by Plaintiff in preparing and presenting this motion before this honorable court. Plaintiff respectfully requests this court to order Defendants in this action to pay the Plaintiff's cost and expenses, including reasonable attorneys fees incurred as a result of this removal.

WHEREFORE PREMISES CONSIDERED, MARIA ACKERMAN INDIVIDUALLY AND d/b/a HARLINGEN THERMO KING, Plaintiffs respectfully request that this court remand its action to the 107th Judicial District Court of the State of Texas, and that this court further assess appropriate sanctions against Defendants Thermo King Corporation and Stewart & Stevenson Services, Inc. and their counsel for filing a notice of removal which was groundless and completely without merit and for all such other and further relief to which this court deems just and proper.

Respectfully Submitted,

*[signature]*

Eddie Treviño, Jr.
State Bar No. 20211135
Federal ID No. 14685

J.A. Magallanes
State Bar No. 12809500
Federal ID No. 2258
**MAGALLANES, HINOJOSA & TREVIÑO, P.C.**
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571    - Telephone
(956) 544-4290    - Facsimile

Attorneys for Plaintiff
Maria Ackerman, Individually and d/b/a Thermo King

## CERTIFICATE OF CONFERENCE

I, Eddie Treviño, Jr., pursuant to the Federal Rules of Civil Procedure, do hereby certify that I have conferred with counsel of record listed below and/or their staff as to the filing of this motion and they are opposed with regard to the filing of said motion.

    Mr. Joe C. Holzer
    Andrews & Kurth, L.L.P.
    600 Travis, Suite 4200
    Houston, Texas 77002
and
    Mr. Charles C. Murray
    Atlas & Hall, L.L.P.
    Professional Arts Building
    818 Pecan
    McAllen, Texas 78502-3725

*[signature]*
Eddie Treviño, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record on this ____ day of September, 2000.

    Mr. Joe C. Holzer              *Via C.M./RRR No. Z 258 906 103*

    Andrews & Kurth, L.L.P.
    600 Travis, Suite 4200
    Houston, Texas  77002

and

    Mr. Charles C. Murray        *Via C.M./RRR No. Z 258 906 104*
    Atlas & Hall, L.L.P.
    Professional Arts Building
    818 Pecan
    McAllen, Texas  78502-3725

                                           _____
                                           Eddie Treviño, Jr.

# AFFIDAVIT OF MARIA ACKERMAN

I, MARIA ACKERMAN, declare under oath the following:

1. My name is Maria Ackerman. I am over 21 years of age and am fully able and competent to make this declaration. I am the sole owner of Harlingen Thermo King, a company that sold and serviced Thermo King Corporation products in the Rio Grande Valley area as its' primary service area for over 20 years. I have personal knowledge of the facts stated herein and am authorized to make this declaration.

2. On or about January 1998, I was contacted by Defendant Stewart & Stevenson Services, Inc. regarding the possible purchase of Harlingen Thermo King. At that time, no agreement was made as to purchase of Harlingen Thermo King.

3. Late in 1998, I then contacted Defendant Stewart & Stevenson Services, Inc. regarding the possible sale of Harlingen Thermo King. As a result thereof, a meeting was held between myself, my accountant and representatives of Defendant Stewart & Stevenson Services, Inc. wherein Defendant Stewart & Stevenson Services agreed to purchase and I agreed to sell Harlingen Thermo King, which included the Rio Grande Valley area as the primary area of service, at a set price.

4. Despite said agreement, Defendant Stewart & Stevenson Services, Inc. did not purchase Harlingen Thermo King and no consideration was received by myself nor Harlingen Thermo King.

5. Despite the breach of said agreement, Defendant Stewart & Stevenson Services, Inc. with the aid of Defendant Thermo King Corporation now sells and services Thermo King Corporation products in the Rio Grande Valley area as its' primary area.

_____
Maria Ackerman

SUBSCRIBED AND SWORN TO BEFORE ME on this the 8th day of September, 2000.



_____
Notary Public in and for
State of Texas

My commission expires: 5/30/2004



EXHIBIT "A"