In The United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

OCT 2 3 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Maria Ackerman, Individually and d/b/a Harlingen Thermo King, Plaintiff | § § § § | |
| v. | § | Civil Action No. B-00-124 |
| Thermo King Corporation, and Stewart & Stevenson Services, Inc., Defendants | § § § § | |

### Plaintiff's Response to Defendants' Opposed Motion for Extension of Time to Respond to Plaintiff's Motion to Remand and for Sanctions

TO THE HONORABLE COURT:

Comes Now, Maria Ackerman, Individually and d/b/a/ Harlingen Thermo King Plaintiff and files this response to Defendants' opposed motion for extension of time to respond to Plaintiff's Motion to Remand and for Sanctions, and in support thereof would show as follows:

I.

1.1  Plaintiff Maria Ackerman ("Ackerman") filed her Motion to Remand and for Sanctions on or about September 11, 2000. Defendant's deadline to file a response to Plaintiff's Motion to Remand was twenty days later, or October 2, 2000.

II.

2.1  Instead of filing a response to Plaintiff's Motion to Remand, Defendants requested additional time to respond to the Motion to Remand by

stating their desire to take the deposition of the Plaintiff Maria Ackerman. Plaintiff has no objection to Defendants taking the deposition of the Plaintiff but do object to said deposition being the basis for a delay in responding to Plaintiff's Motion to Remand.

### III.

3.1 Defendants argue that the deposition of Plaintiff Maria Ackerman will further evidence that Defendant Stewart & Stevenson was fraudulently joined which Plaintiff denies. In support of their position to utilize the deposition testimony of Plaintiff Ackerman, Defendants refer to Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999) in which the Fifth Circuit stated that a federal court may consider "summary Judgment-type evidence such as affidavits and deposition testimony when reviewing a fraudulent joinder claim."

3.2 The Defendants also cite Burden v. General Dynamics Corp. 60 F.3d 213, 216 (5th Cir. 1995) wherein the trial court examined deposition testimony to determine that the Plaintiff could not make out an intentional infliction of emotional distress claim against a non-diverse defendant. That is not the situation in our case as Plaintiff's have factually and legally pled a breach of contract claim against Defendant Stewart & Stevenson.

3.3 There is no question but that the district court in its discretion may "pierce the pleadings", albeit in so doing the court should not conduct an evidentiary hearing, but based on appropriate documentation in addition to pleadings, should instead resolve all disputed questions of fact in favor of the

Plaintiff. <u>Burden</u> at 217. Plaintiff's concern is that Defendants are in fact attempting to have this court undertake an evidentiary hearing by the taking and submitting of Plaintiff's deposition. The court already has before it on file conflicting affidavits on the issue of a contract between Plaintiff and Defendant S & S and whether Defendant breached said contract.

3.4 The removing party bears the burden of proving that non-diverse Defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the Plaintiff's recitation of the jurisdictional facts, or (2) there is no possibility that the Plaintiff would be able to establish a cause of action against the non-diverse defendants in State court. <u>Burden</u> at 217. It is Plaintiff's contention that Defendant's request to delay filing a response to Plaintiff's Motion to Remand is predicated solely on trying to convince this court to conduct an evidentiary hearing to argue that Plaintiff cannot succeed on her breach of contract claim.

WHEREFORE PREMISES CONSIDERED, Plaintiff would respectfully request that the court deny Defendant's Motion for Extension of Time to File a Response to Plaintiff's Motion to Remand and for Sanctions, that this court remand this action to the 107th Judicial District Court of the State of Texas with sanctions and for all such other and further relief to which Plaintiff may be justly entitled and this court deems just and proper.

Respectfully submitted,

**Magallanes, Hinojosa & Treviño, P.C.**
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Tel:   956/544-6571
Fax:   956/544-4290

By: _____
Eddie Treviño, Jr.
State Bar No. 20211135
Federal I.D. No. 11628

Juan A. Magallanes
State Bar No. 12809500
Federal I.D. No. 2258

ATTORNEYS FOR PLAINTIFF
Maria Ackerman, Individually and
d/b/a Harlingen Thermo King

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to opposing counsel on this the 23rd day of October, 2000, addressed as follows:

Mr. Charles C. Murray              *Via Certified Mail No. Z 258 906 394*
818 Pecan
P.O. Box 3725
McAllen, Texas 78501/78502

Mr. Joe C. Holzer                  *Via Regular Mail*
600 Travis, Suite 4200
Houston, Texas 77002

_____
Eddie Treviño, Jr.