*13*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 26 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Ackerman, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-124 |
| | § | |
| Thermo King Corp., | § | |
| Defendants. | § | |

## FINAL ORDER OF REMAND

BE IT REMEMBERED, that on October 24, 2000 the Court **DENIED** the Defendants' Opposed Motion for Extension of Time to Respond to Plaintiff's Motion to Remand and for Sanctions [Dkt. No. 10], **GRANTED** the Plaintiff's Motion to Remand [Dkt. No. 9], and **DENIED** the Plaintiff's Motion for Sanctions [Dkt. No. 9]. This case is hereby **REMANDED** to the 107th Judicial District Court of Cameron County. The Clerk's Office is **ORDERED** to mail a certified copy of this order to the clerk of the state court.

I. **Facts and Procedural History**

The Plaintiff, Maria Ackerman, alleges that she, through her business, Harlingen Thermo King, entered into a contract with Defendant Stewart & Stevenson Services, Inc. ("S&S") for the sale and assignment of her dealership agreement with Defendant Thermo King Corp ("Thermo King"), and that S&S breached that contract because of Thermo King's tortious interference [Dkt. No. 1, Exh. 1 ¶ 4.5]. Thermo King removed this case from the 107th Judicial District Court of Cameron County based on diversity subject matter jurisdiction. In its notice of removal, Thermo King alleges that complete diversity exists, although both the Plaintiff and S&S are citizens of Texas, because S&S was fraudulently joined [Dkt. No. 1]. After removal, the Plaintiff filed a motion to remand [Dkt. No. 9], and

1

Thermo King filed a motion requesting leave to depose the Plaintiff instead of filing a timely response [Dkt. No. 10].

II **Law on Fraudulent Joinder**

A defendant can remove a case from state court based on diversity jurisdiction despite the presence of a non-diverse defendant if he or she can prove that the non-diverse defendant was fraudulently joined to defeat diversity. See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996). There is fraudulent joinder if there is no possibility at all that the plaintiff can prevail against the non-diverse defendant, or if there was outright fraud in the plaintiff's recitation of jurisdictional facts. See Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999); Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995). The defendant who removes the case bears the burden of proving fraudulent joinder by clear and convincing evidence, and all factual allegations and ambiguities in state law must be construed in favor of the Plaintiff. See Sid Richardson Carbon & Gasoline Co., 99 F.3d at 751; Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 186 (5th Cir.1990); Ferguson v. Security Life of Denver Ins. Co., 996 F.Supp. 597, 603 (N.D.Tex. 1998). "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." Burden, 60 F.3d at 216.

A court may pierce the pleadings to determine whether fraudulent joinder exists. However, in looking beyond the pleadings "the court should not conduct an evidentiary hearing but, based on appropriate documentation in addition to the pleadings, should instead resolve all disputed questions of fact in favor of the plaintiff." Id. at 217. The Fifth Circuit has repeatedly warned against "pretrying a case to determine removal jurisdiction." Griggs, 181 F.3d at 700.

III. **S&S was not fraudulently joined to defeat diversity**

The Court finds that Defendant Thermo King has not carried its burden in proving that S&S was fraudulently joined. The face of the Plaintiff's complaint states a cause of

2

action against S&S for breach of contract. Furthermore, after considering the affidavits authored by the Plaintiff and S&S' representative, Kirk Robinson, the Court finds that this case hinges on a credibility determination that will not be resolved by allowing Thermo King to depose the Plaintiff. Since the Plaintiff's cause of action hinges on a credibility determination, there is a possibility that the Plaintiff can prevail against S&S.

DONE at Brownsville, Texas, this 25th day of October 2000.

_____
Hilda G. Tagle
United States District Judge

3